**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:

Scott A. Estes,                          Bankruptcy Case No. 13-53057
                                                      Honorable Marci B. McIvor

               Debtor.                  Chapter 7
_____

KIM TOMCZYK,

        Plaintiff,                             Adv. No.: 14-04337
                                                        Hon. Marci B. McIvor

vs.

SCOTT ESTES,

        Defendant.
_____/

## MOTION TO INTERVENE

The Chapter 7 Trustee, Michael A. Stevenson (the "Trustee"), by and through his attorneys, Stevenson & Bullock, P.L.C., as an interested party, hereby requests that the Court allow the Trustee to intervene in this adversary proceeding filed by plaintiff, Kim Tomczyk (the "Plaintiff"), for the limited purpose of allowing the Trustee to file a response to, and defend, the Bankruptcy Estate's interest against Count II of the Complaint for Denial of Discharge Pursuant to 11 U.S.C. §727(a)(2), (4), and (7), or in the (sic) Alternative, for Dismissal with (sic) Prejudice (sic) Pursuant to 11 U.S.C. §707(a), stating as follows:

     1.    The Plaintiff filed with the Court a Complaint for Denial of Discharge Pursuant to 11 U.S.C. §727(a)(2), (4), and (7), or in the (sic) Alternative, for Dismissal with (sic) Prejudice (sic) Pursuant to 11 U.S.C. §707(a) (the "Complaint").

     2.    In Count II of the Complaint, the Plaintiff requests the dismissal of Scott Estes' (the "Defendant") Chapter 7 bankruptcy pursuant to 11 U.S.C. §707(b).

3. The Plaintiff filed a Proof of Service on April 1, 2014 (DN 3) indicating she served a copy of the Complaint and Summons on the Defendant, the Defendant's bankruptcy counsel, the Trustee, and The United States Trustee, Daniel M. McDermott, by first class mail. The Plaintiff failed to serve the Trustee's known counsel with the Summons and the Complaint.

4. Fed R. Bankr. P. 7024, incorporating Fed. R. Civ P. 24, provides for the intervention, as a right, of a anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest..." Fed. R. Bankr. P. 7024 (a)(2).

5. Fed R. Bankr. P. 7024, incorporating Fed. R. Civ P. 24, also allows the court to permit the intervention of a anyone who "has a claim or defense that shares with the main action a common question of law or fact". Fed. R. Bankr. P. 7024 b)(1)(B).

6. The Trustee has a right to intervene in this matter pursuant to Fed. R. Bankr. P. 7024 (a)(2).

7. The Trustee, as the trustee for the Bankruptcy Estate (the "Estate"), is an interested party who has an interest relating to the property or transaction that is the subject of the Plaintiff's request to dismiss the debtor's case because if the case is dismissed, he will be unable to distribute the $20,000.00 the Debtor was ordered to pay the Estate in satisfaction of preferential transfers.

8. Further, the Trustee should be allowed to intervene in this matter pursuant to Fed. R. Bankr. P. 7024 (b)(1)(B), because the Trustee, in his capacity as trustee and the representative of all the Defendant debtor's creditors, especially those who were not served with notice of the Plaintiff's request to dismiss the Defendant debtor's case, is entitled to

assert the defense that the Plaintiff's request for dismissal pursuant to 11 U.S.C. §707(b) must be made by motion and service on all interested parties and those parties must be given an opportunity for hearing. In addition, the Trustee and those interested parties are entitled to assert a defense that the deadline for filing such a motion has expired.

9. The Plaintiff's failure to make her request for dismissal by motion, provide notice and an opportunity for hearing, and serve a request for dismissal in accordance with 11 U.S.C. §707(b) would substantially harm the Defendant Debtor's creditors who have not had an opportunity to be heard, by preventing the Trustee from distributing the $20,000.00 the Defendant debtor agreed to pay in satisfaction of preferential transfers pursuant to the Order Granting Trustee's Motion for Authority to Compromise Fraudulent Transfers and Estate Property entered on March 25, 2014 (DN 94) if Count II of the Complaint were to be granted.

**WHEREFORE**, in accordance with Fed R. Bankr. P. 7024, which incorporates Fed. R. Civ. P. 24, the Trustee respectfully requests that this Court enter an order allowing the Trustee to intervene in this adversary proceeding and extending the time for the Trustee to answer the complaint until fourteen (14) days after entry of an Order authorizing him to intervene.

Respectfully submitted,

STEVENSON & BULLOCK, P.L.C.

Dated: April 3, 2014

/s/ Sonya N. Goll (P61136)
Attorney for the Trustee,
Michael A. Stevenson
26100 American Drive, Suite 500
Southfield, MI 48034
(248) 354-7906
sgoll@sbplclaw.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**IN RE:**

Scott A. Estes,   Bankruptcy Case No. 13-53057
   Honorable Marci B. McIvor
Debtor.   Chapter 7

_____

KIM TOMCZYK,

   Plaintiff,   Adv. No.: 14-04337
   Hon. Phillip J. Shefferly

vs.

SCOTT ESTES,

Defendant.
_____/

## ORDER ALLOWING THE CHAPTER 7 TRUSTEE, MICHAEL A. STEVENSON, TO INTERVENE

This matter came before the Court upon the motion of the Chapter 7 Trustee, Michael A. Stevenson (the "Trustee"), pursuant to Fed. R. Bankr. P. 7024, incorporating Fed. R. Civ. P. 24, for entry of an order allowing the Trustee to intervene in this adversary proceeding for the limited purpose of allowing the Trustee to file a response to, and defend, the Bankruptcy Estate's interest against Count II of the Complaint for Denial of Discharge Pursuant to 11 U.S.C. §727(a)(2), (4), and (7), or in the (sic) Alternative, for Dismissal with (sic) Prejudice (sic) Pursuant to 11 U.S.C. §707(a), and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that the Trustee may intervene in this adversary proceeding for the limited purpose of allowing the Trustee to file a response to, and defend, the Bankruptcy Estate's interest against Count II of the Complaint for Denial of Discharge

Pursuant to 11 U.S.C. §727(a)(2), (4), and (7), or in the (sic) Alternative, for Dismissal with (sic) Prejudice (sic) Pursuant to 11 U.S.C. §707(a).

**IT IS FURTHER ORDERED** that the deadline for the Trustee to answer the Complaint is extended to fourteen (14) days of the entry of this Order.

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IN RE:

Scott A. Estes,                            Bankruptcy Case No. 13-53057
                                                      Honorable Marci B. McIvor
     Debtor.                               Chapter 7

_____

KIM TOMCZYK,

     Plaintiff,                             Adv. No.: 14-04337
                                                 Hon. Phillip J. Shefferly

vs.

SCOTT ESTES,

     Defendant.
_____/

## **NOTICE OF MOTION TO INTERVENE**

    **PLEASE TAKE NOTICE** that Stevenson & Bullock, P.L.C. has filed a Motion to Intervene in this adversary proceeding.

    **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the court to grant the Motion, within 14 days from the date of service of this Notice, you or your attorney must:

    File with the Court a written objection*, explaining your position at: United States Bankruptcy Court, 211 W. Fort Street, Suite 1700, Detroit, MI 48226.

If you mail your objection to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated below. You must also mail a copy to:

    Office of the United States Trustee, 211 W. Fort Street, Suite 700, Detroit, MI 48226; and
    Sonya N. Goll, Stevenson & Bullock, P.L.C., 26100 American Drive, Suite 500,
    Southfield, MI 48034

    If an objection is timely filed and served, the clerk will schedule a hearing and you will be served with a notice of the date, time and location of the hearing.

    **If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief.**

Respectfully Submitted,

Stevenson & Bullock, P.L.C.

/s/ Sonya N. Goll (P61136)
Attorney for the Plaintiff
26100 American Drive, Suite 500
Southfield, MI 48034
(248) 354-7906
sgoll@sbplclaw.com

Date Notice Mailed: April 3, 2014

*Response or answer must comply with F.R. Civ. P. 8(b), (c) and (e).

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:
    Scott A. Estes,　　　　　　　　　　　　　　　　Bankruptcy Case No. 13-53057
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Honorable Marci B. McIvor
        Debtor.　　　　　　　　　　　　　　　　　　　Chapter 7
_____

KIM TOMCZYK,

       Plaintiff,　　　　　　　　　　　　　　　　　　Adv. No.: 14-04337
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Phillip J. Shefferly

vs.

SCOTT ESTES,

      Defendant.
_____/

## **BRIEF IN SUPPORT OF MOTION TO INTERVENE**

    The Trustee relies on Fed. R. Bankr. P. 7024, which incorporates Fed R. Civ. P. 24, Fed, R, Bankr. P. 707(b), and the facts of this case.

Dated: April 3, 2014

　　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　Stevenson & Bullock, P.L.C.

　　　　　　　　　　　　　　　　　　　　<u>/s/ Sonya N. Goll (P61136)</u>
　　　　　　　　　　　　　　　　　　　　Attorney for the Plaintiff
　　　　　　　　　　　　　　　　　　　　26100 American Drive, Suite 500
　　　　　　　　　　　　　　　　　　　　Southfield, MI 48034
　　　　　　　　　　　　　　　　　　　　(248) 354-7906
　　　　　　　　　　　　　　　　　　　 sgoll@sbplclaw.com

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT**

**IN THE MATTER OF:**

Scott A. Estes,   Bankruptcy Case No. 13-53057
                 Honorable Marci B. McIvor
Debtor.          Chapter 7

_____

KIM TOMCZYK,

    Plaintiff,   Adv. No.: 14-04337
                             Hon. Phillip J. Shefferly

vs.

SCOTT ESTES,

    Defendant.
_____/

## PROOF OF SERVICE

Sonya N. Goll certifies that on the 3rd day of April, 2014 a copy of the **Motion to Intervene, Proposed Order, Notice of Motion, Brief in Support,** and this **Proof of Service** upon all parties listed below electronically and/or by depositing same in a United States Postal Box located in Southfield, Michigan, with postage fully prepaid thereon.

| | |
|---|---|
| Stephen E. Spence<br>Steve.e.spence@usdoj.gov | David R. Heyboer, at<br>hflaw@iwarp.net |
| Scott Estes<br>7455 Fisher Rd.<br>Jeddo, MI 48032 | Michael A. Stevenson, at<br>mas@sbplclaw.com |
| Jonathan Rosenthal @<br>jrosenthal@aidenbaum.com | |

In addition, she did serve a copy of the **Notice of Motion** on each and every party listed on the Debtor's matrix obtained from CM/ECF on the 3rd day of April, 2014.

                /s/ Sonya N. Goll
                Sonya N. Goll (P61136)
                Counsel for the Trustee
                26100 American Dr., Suite 500
                Southfield, MI 48034
                (248) 354-7906

EXHIBIT "6"

PROPOSED LIMITED RESPONSE TO COMPLAINT

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT**

In Re:

Scott A. Estes,                                    Bankruptcy Case No. 13-53057
                                                      Honorable Marci B. McIvor
                  Debtor.                           Chapter 7

_____

KIM TOMCZYK,

        Plaintiff,                                 Adv. No.: 14-04337
                                                Hon. Marci B. McIvor

vs.

SCOTT ESTES,

        Defendant.

_____

**LIMITED RESPONSE TO COMPLAINT FOR DENIAL OF DISCHARGE
PURSUANT TO 11 U.S.C. §727(a)(2),(4), AND (7), OR IN THE (sic)
ALTERNATIVE, FOR DISMISSAL WITH (sic) PREJUDICE (sic) PURSUANT
TO 11 U.S.C. §707(a) FILED BY INTERESTED PARTY, TRUSTEE, MICHAEL
A. STEVENSON**

**NOW COMES** the interested party, Michael A. Stevenson (the "Trustee"), Chapter 7 Trustee for the Estate of Scott Estes (the "Defendant"), by and through his attorneys, Stevenson & Bullock PLC, and in support of his limited response to Kim Tomczyk's (the "Plaintiff") Complaint for Denial of Discharge Pursuant to 11 U.S.C. §727(a)(2), (4), and (7), or in the (sic) Alternative, for Dismissal with (sic) Prejudice (sic) Pursuant to 11 U.S.C. §707(a), states as follows:

**Jurisdictional Averments**

1.       The Trustee admits the allegations in paragraph one.

2. The Trustee denies the allegations in paragraph two. The Trustee would further state that a request for a dismissal under 11 U.S.C. §707(b), as requested in Count II of the Plaintiff's Complaint, is not properly before this court, as a request for dismissal under 11 U.S.C. §707(b) must be made by motion with a proper notice and hearing.

3. The Trustee denies the allegations in paragraph three. The Trustee would further state that this is neither a proceeding to determine, avoid, or recover preferences, or a proceeding to determine, avoid, or recover fraudulent conveyances.

4. The Trustee admits the allegations in paragraph four.

### Common Allegations

5. The Trustee neither admits nor denies paragraph five for lack of sufficient information upon which to form a belief and leaves Plaintiff to its proofs.

6. The Trustee neither admits nor denies paragraph six for lack of sufficient information upon which to form a belief and leaves Plaintiff to its proofs.

7. The Trustee neither admits nor denies paragraph seven for lack of sufficient information upon which to form a belief and leaves Plaintiff to its proofs.

8. The Trustee neither admits nor denies paragraph eight for lack of sufficient information upon which to form a belief as to what the Plaintiff can or cannot point to, and leaves Plaintiff to its proofs.

## Count I: Revocation of Discharge Pursuant to 11 U.S.C. §727

9. The Trustee hereby incorporates the allegations of Paragraphs 1-8 herein.

10. No answer is required because the paragraph merely states a legal conclusion without making any allegations of fact.

11. No answer is required because the paragraph merely states a legal conclusion without making any allegations of fact.

12. No answer is required because the paragraph merely states a legal conclusion without making any allegations of fact.

13. The Trustee neither admits nor denies the allegations in paragraph thirteen and leaves the Plaintiff to her proofs.

14. The Trustee neither admits nor denies the allegations in paragraph fourteen and leaves the Plaintiff to her proofs.

15. The Trustee neither admits nor denies the allegations in paragraph fifteen and leaves the Plaintiff to her proofs.

16. The Trustee neither admits nor denies the allegations in paragraph sixteen and leaves the Plaintiff to her proofs.

17. The Trustee neither admits nor denies the allegations in paragraph seventeen and leaves the Plaintiff to her proofs.

18. The Trustee neither admits nor denies the allegations in paragraph eighteen and leaves the Plaintiff to her proofs.

Wherefore, as set forth above, the Trustee takes no position as to the allowance or disallowance of the Defendant Debtor's discharge.

### Count II- Dismissal Pursuant to 11 U.S.C.§707(b)

19. The Trustee hereby incorporates the allegations of Paragraphs 1-18 herein.

20. The Trustee admits that, based on the Defendant's Schedules and the Proof of Claims filed to date, the Defendant's obligations appear to be primarily consumer debts.

21. No answer is required because the Plaintiff merely recites the language in the statute without making any allegations of fact. The Trustee states further that 11 U.S.C. §707(b) also requires a motion to be filed with a notice and an opportunity for a hearing served on all interested parties. The Trustee strenuously objects to the Plaintiff raising the request in an adversary proceeding to which he and the other creditors are not parties, when requesting a dismissal under 11 U.S.C. §707(b). Specifically, 11 U.S.C. §707(b) states "(a)fter **notice and hearing**, the court, on its own **motion** or on a **motion** by … any party in interest…" 11 U.S.C. §707(b) emphasis added. The Plaintiff has failed to file such a motion instead, improperly including a request for dismissal in her complaint objecting to the Defendant's discharge.

### The Legal Standard Under 11 U.S.C. §707(b)(3)

22. The Trustee denies the allegations in paragraph twenty-two as untrue. The Plaintiff has failed to provide any supporting information or evidence

to demonstrate that there has been an abuse by the Defendant. The Trustee would further state that the Trustee has diligently worked to recover assets for the Bankruptcy Estate and is in the process of collecting $20,000.00 as a result of a settlement for preferential and/or fraudulent transfers and the undervaluation of assets on the Defendants Schedules. Should the Defendant's case be dismissed, the Trustee will be unable to use the $20,000.00 to pay creditors claims and administrative fees and expenses.

23. No answer is required because the paragraph merely recites the language of the statute without making any allegations of fact. However, in the recitation of the language of the statute, the Plaintiff misquotes the statute, stating "subparagraph (A)(I) does not arise" when there is no subparagraph (A)(I), only subparagraph (2)(A)(i).

24. The Trustee neither admits nor denies the allegations in paragraph thirteen and leaves the Plaintiff to her proofs.

25. The Trustee neither admits nor denies the allegations in paragraph thirteen and leaves the Plaintiff to her proofs.

**Abuse Pursuant to 11 U.S.C. §707(b)(3) – Totality of the Circumstances**

26. The Trustee denies that in the totality of the circumstances this case should be dismissed because granting the Defendant debtor relief would be an abuse of the Provisions of Chapter 7. The Court should consider in the totality of circumstances the Defendant debtor's compliance with this Courts orders to provide the additional information to the Trustee and to

pay $20,000.00 to the Estate in satisfaction of preferential transfers. The Court should likewise consider the Plaintiff's failure to raise the issues related to dismissal of this case in the form of a motion and to notify all parties entitled to notice.

27. The Trustee lacks sufficient information to form a belief as to the truth or falsity of paragraph twenty-seven and leaves the Plaintiff to her proofs.

28. The Trustee denies that in the totality of the circumstances this case warrants dismissal or conversion and objects to the manner in which the Plaintiff has raised the issue for the following reasons:

   A. The Plaintiff has failed to follow proper procedure and file a motion for dismissal pursuant to 11 U.S.C. §707 (b) and provide proper notice to interested parties as required by the Bankruptcy Code; and

   B. If the Court dismisses Defendant Debtor's Chapter 7, the Defendant Debtor's creditors, who would not have had an opportunity to be heard, would be harmed, because the Trustee would not be able to distribute the $20,000.00 Defendant debtor agreed to pay pursuant to the Order Granting Trustee's Motion for Authority to Compromise Fraudulent Transfers and Estate Property entered on March 25, 2014 (DN 94).

WHEREFORE, Interested Party, Michael A. Stevenson, Chapter 7 Trustee for the Estate of Scott Estes, respectfully requests that this court deny the Plaintiff's 707b request for dismissal pursuant to 11 U.S.C. §707 (b), award Michael A. Stevenson costs and attorney fees so wrongfully incurred as a result of having to intervene in this action, and grant such other relief that this Court deems appropriate. In the alternative, if the

Court does dismiss or convert the Defendant Debtor's Chapter 7 case, the Court none the less should require the Defendant debtor to pay the Trustee's attorney fees and costs in light of the extensive time and expense the Trustee had to incur investigating the Defendant debtor's case, a significant portion of which was occasioned by the Defendant debtor's and the Plaintiff's failure to cooperate with the Trustee.

                                                Respectfully Submitted,

                                                STEVENSON & BULLOCK, PLC

                                                /s/ Sonya N. Goll
                                                Sonya N. Goll (P61136)
                                                Attorneys for Interested Party, Michael A. Stevenson

                                                26100 American Drive, Suite 500
                                                Southfield, Michigan 48034
                                                (248) 354-7906
Dated: April 3, 2014                          sgoll@sbplclaw.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

In Re:

Scott A. Estes,                                           Bankruptcy Case No. 13-53057
                                                      Honorable Marci B. McIvor
            Debtor.                                  Chapter 7
_____

KIM TOMCZYK,

        Plaintiff,                                 Adv. No.: 14-04337
                                                     Hon. Phillip J. Shefferly

vs.

SCOTT ESTES,

        Defendant.
_____

## **AFFIRMATIVE DEFENSES**

**NOW COMES** interested party, Michael A. Stevenson (the "Trustee"), Chapter 7 Trustee for the Estate of Scott Estes (the "Defendant"), by and through his attorneys, Stevenson & Bullock PLC, and in response to Kim Tomczyk's Complaint, states the following Affirmative Defenses:

1. Count II of Plaintiff's Complaint, which is based on 11 U.S.C. §707 (b), fails because such a claim must be brought by motion and must be served on all interested parties.

2. The deadline for moving to dismiss the debtor's case pursuant to 11 U.S.C. §707 (b) has expired.

3. The Trustee reserves his right to add affirmative defenses as the same may appear as the result of investigation and/or formal discovery.

Respectfully Submitted,

STEVENSON & BULLOCK, PLC

/s/ Sonya N. Goll
Sonya N. Goll (P61136)
Attorneys for Interested Party,
Michael A. Stevenson
26100 American Drive, Suite 500
Southfield, Michigan 48034
(248) 354-7906

Dated: April 3, 2014    sgoll@sbplclaw.com